# EXHIBIT 2

STATE OF SOUTH CAROLINA )
)
COUNTY OF _RICHLAND_ )
)
_JOHNNIE CORDERO_ )
Plaintiff(s) )
)
vs. )
)
_MATHEW KISNER, ET AL_ )
Defendant(s) )

IN THE COURT OF COMMON PLEAS

CIVIL ACTION COVERSHEET

_2020_ -CP- _40_ - _____

# 2020CP4001980

SC Bar #: _____
Telephone #: _803 -753-8091_
Fax #: _____
Other: _____
E-mail: _CORDERO1018 @ ATT.NET_

Submitted By: _JOHNNIE CORDERO_
Address: _4204 MANDEL DR_
_COLUMBIA, SC 29210_

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. **This form is NOT required to be filed in E-Filed Cases.**

## DOCKETING INFORMATION *(Check all that apply)*
### *If Action is Judgment/Settlement do not complete*

☑ **JURY TRIAL** demanded in complaint.     ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☑ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199)_____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☑ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| _____ | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | _____ | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | Judgments/Settlements cont. | Appeals cont. |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Incapacitated Adult Settlement (790) | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | ☐ Other (799)_____ | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** _____     Date: _4-7-20_

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                                                     Page 1 of 2

SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                )     FIFTH JUDICIAL CIRCUIT
COUNTY OF RICHLAND )
                )
Johnnie Cordero, )   C/A No.: 2020-CP-40-_____
                Plaintiff, )
                )
vs. )
                )
Matthew Kisner, in his official capacity as ) SUMMONS
Chair of The Richland County Democratic )
Party, and )
                )   **2020CP400**1980
The Richland County Democratic Party, )
 and )
Trav Robertson, Jr., in his official capacity )
as Chair of The South Carolina Democratic )
Party, and )
                )
The South Carolina Democratic Party, )
                )
                Defendants. )
_____ )

**TO THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is

served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address

shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service

hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default

will be rendered against you for the relief demanded in the Complaint.

Dated: 6 April 2020
Columbia, South Carolina

/s/ Johnnie Cordero
4204 Mandel Drive
Columbia, SC 29210
Tel.: (803) 753-8091
Email.: cordero1018@att.net
*Plaintiff, pro se*

| | |
|---|---|
| SOUTH CAROLINA            ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND     ) | |
| ) | |
| Johnnie Cordero,             ) | C/A No.: 2020-CP-40-_____ |
| Plaintiff,    ) | **2020CP4001980** |
| vs.                    ) | |
| ) | COMPLAINT FOR DECLARATORY |
| ) | AND INJUNCTIVE RELIEF |
| Matthew Kisner, in his official capacity as ) | PURSUANT TO SC CODE |
| Chair of The Richland County Democratic ) | §§ 15-53-10 and 15-53-90 |
| Party, and            ) | RULE 65 SC RULES OF |
| ) | CIVIL PROCEDURE |
| The Richland County Democratic Party, ) | (JURY TRIAL DEMANDED) |
| and             ) | |
| ) | |
| Trav Robertson, Jr., in his official capacity ) | |
| as Chair of The South Carolina Democratic ) | |
| Party, and            ) | |
| ) | |
| The South Carolina Democratic Party, ) | |
| ) | |
| Defendants.   ) | |
| ) | |

The Plaintiff, Johnnie Cordero, acting on his own behalf, complaining of the Defendants

alleges as follows:

## INTRODUCTION

Political parties represent the voice of the people. It is for this reason that they have

significant protection under the First Amendment. But the voice cannot be representative and

authentic if political parties are able to circumvent the rules put in place to ensure that minorities

are heard not only in the voting booth but also in the party activities at every level including

counties. State rules that govern political parties exist against the backdrop of a racist history

that has once again reared its ugly head in the wake of the Supreme Court decision in *Shelby*

1

*County v. Holder*, 133 S. Ct. 2612 (2013). The *Shelby* decision has given rise to a veritable tsunami of legislation ostensibly passed to prevent voter fraud but that has actually served to make it difficult for African Americans and other minorities to exercise their right to vote.

Many and varied have been the dilutative techniques used to suppress the African American vote. Everything from literacy tests to poll taxes and grandfather clauses have successfully been used. Over the years the methods have changed but the goals have not. African Americans represent 66.7% of the Democratic electorate in South Carolina. African American registered voters in South Carolina are more than one million strong. African Americans represent 51% of the Richland County population. The right to vote and more particularly to participate in political party activities has been the bedrock of the fight for political recognition and empowerment of minorities both in South Carolina and throughout the United States since the 1960's.

In 1964 the Mississippi Freedom Democratic Party was organized under the leadership of the late Mrs. Fannie Lue Hammer and others who had been excluded by Democratic Party rule from participation in the Mississippi Democratic Party. During this same period the South Carolina Democratic Party also excluded African Americans from participation in the Party. [1] As a direct result of such exclusionary and discriminatory practices the Democratic National Committee (hereinafter "DNC") instituted its *Six Basic Elements*[2] that have been adopted by the

---

[1] https://www.thestate.com/news/special-reports/state-125/article43721457.html

[2] Six Basic Elements The six basic elements adopted by the Democratic National Committee as official policy statements, January 1968, shall be implemented at all levels of the South Carolina Democratic Party. (1) All public meetings at all levels of the Democratic Party in each State should be open to all members of the Democratic Party regardless of race, color, creed, national origin, age, gender, or sexual orientation. (2) No test for membership in, nor any oaths of loyalty to, the Democratic Party in any State should be required or used which has the effect of requiring prospective or current members of the Democratic Party to acquiesce in, condone, or support discrimination on the grounds of race, color, creed, national origin, age, gender or sexual orientation. (3) *The time and place for all public meetings of the*

2

Defendant SCDP and incorporated by Defendant RCDP in its Bylaws by reference. Moreover,

the Delegate Selection Rules For the 2020 Democratic National Convention[3] state as follows:

> "[T]he 1964 Democratic National Convention adopted a resolution which conditioned the seating of delegates at future conventions on the assurances that discrimination in any State Party affairs on the ground of race, color, creed or national origin did not occur."Rule 4(b) An Open Party.[4]

The said 2020 Delegate Selection Plan establishes an Affirmative Action Plan for each State

Party. The intent of the Affirmative Action Plan is best stated in the plan itself.

> "The promises of a democratically elected government and the right to vote have not always been extended equally to all Americans. Historically, certain groups of Americans have been explicitly denied the right to vote or have been subjected to discriminatory and exclusionary practices with the intended effect of denying them voting rights.
>
> . . .
>
> 1. The goal of such affirmative action shall be to achieve participation in the delegate selection process and Party organization at all levels by the aforementioned groups *as indicated by their presence in the Democratic electorate.*"

---

*Democratic Party on all levels should be publicized fully and in such a manner as to assure timely notice to all interested persons.* Such meetings must be held in places accessible to all Party members and large enough to accommodate all interested persons. (4) The Democratic Party on all levels should support the broadest possible registration without discrimination on grounds of race, color, creed, national origin, age, gender or sexual orientation. (5) The Democratic Party in each State should publicize fully and in such a manner as to assure notice to all interested parties a full description of the legal and practical procedures for selection of Democratic Party Officers and representatives on all levels. *Publication of these procedures should be done in such a fashion that all prospective and current members of each State Democratic Party will be fully and adequately informed of the pertinent procedures in time to participate in each selection procedure at all levels of the Democratic Party organization. (6) The Democratic Party in each State should publicize fully and in such a manner as to assure notice to all interested parties a complete description of the legal and practical qualifications for all officers and representatives of the State Democratic Party. Such publications should be done in a timely fashion so that all prospective candidates or applicants for any elected or appointed position within the State Democratic Party and each county will have full and adequate opportunity to compete for office.* SCDP Rules as amended April 29, 2017, Section III, pp. 4-5. (italics added).
[3] https://scdp.org/wp-content/uploads/2017/05/rules-as-amended-2017-2.pdf

[4] https://scdp.org/wp-content/uploads/2017/05/rules-as-amended-2017-2.pdf

3

Plaintiff is the Chair of the Affirmative Action Committee of the 2020 Delegate Selection Plan and along with the Affirmative Action Committee has the responsibility of monitoring the Defendant SCDP's implementation of the Affirmative Action Plan. Plaintiff is also a duly elected member of Defendant RCDP's Executive Committee as the Alternate male Committee-person.

In the instant case plaintiff alleges and will show to this Court that the State Election Law governing party conventions as well as the The South Carolina Democratic Party Rules, the Richland County Democratic Party Bylaws, the Democratic National Committee Delegate Selection Rules for the 2020 Democratic National Convention and the South Carolina Delegate Selection Plan and Affirmative Action Plan for the 2020 Democratic National Convention have been knowingly and intentionally violated by the above named Defendants in the ways more particularly hereinafter.

Plaintiff further contends that the declaratory and injunctive relief requested herein is necessary to prevent the further violation of his rights.

**PARTIES**

1. Plaintiff, Johnnie Cordero, (hereinafter "Plaintiff") is a citizen and resident of Richland County, South Carolina and a registered voter therein. He is also the Chairman of the Democratic Black Caucus of South Carolina (an official caucus of the South Carolina Democratic Party); Chairman of the Affirmative Action Committee of the 2020 Delegate Selection Committee of the South Carolina Democratic Party; Alternate Committeeman of the Richland County Democratic Party and duly elected member of the Executive Committee thereof; President of the Pine Grove Precinct of the Richland County

4

and President of the Pine Grove Piney Woods Community Alliance.

2. Defendant Matthew Kisner (herein after "Defendant Kisner") is Chair of Richland County Democratic Party and is sued in his official capacity only.

3. Defendant Richland County Democratic Party (hereinafter "RCDP") is a recognized County Party of the South Carolina Democratic Party and is subject to its authority and control.

4. Defendant South Carolina Democratic Party (hereinafter "SCDP") is a political party within the meaning of S.C. Code Ann. § 7-11-12 and is the South Carolina State Party Committee of the National Democratic Party and subject to regulation by the South Carolina Election Commission pursuant to the authority granted the Commission by the South Carolina Code of Laws Title 7 - Elections.

5. Defendant Trav Robertson, Jr., (hereinafter "Defendant Robertson") is the Chair of the South Carolina Democratic Party and is sued in his official capacity only.

**JURISDICTION AND VENUE**

6. This action is brought pursuant to South Carolina Code of Laws §§ 15-53-10 and 15-53-90 and Rule 65 of the South Carolina Rules of Civil Procedure.

7. The parties have sufficient connections to Richland County, South Carolina, the events at issue occurred therein, and jurisdiction is proper.

8. On or about February 2020 Defendant Matt Kisner acting in his capacity as Chair of Defendant RCDP appointed a "nominating committee" whose members were empowered to recruit candidates and select from among those candidates a slate of persons to offer as

5

candidates for party elected offices including the County Party Chair. The purpose of the "Slate of Candidates" is to indicate to voters that these candidates have in some way been approved by the Defendant RCDP.

9.  Upon information and belief, a meeting or meetings was held at a location unknown to the Plaintiff on a date also unknown to Plaintiff at which nominating committee selected persons to comprise a "slate of candidates" .

## FACTUAL ALLEGATIONS

10. Plaintiff, a duly elected alternate Committeeman of Defendant RCDP was not notified of the appointment of a nominating committee or of the selection of a slate of candidates or of date, time, place of any meetings to accomplish the selection of the slate.

11. Defendant Kisner knew or should have known that Plaintiff had intentions of running for Richland County Chair.

12. Upon information and belief notice was not provided to Richland County Democrats all of whom are eligible to run for various party offices as required by SCDP and RCDP rules.

13. On or about March 21, 2020, Defendant SCDP  issued an update on County Party Conventions indicating that county parties may decide whether to hold Town Hall Teleconventions or Mail-in Ballot. No provision was made for *both* Teleconvention and mail-in ballot.

14.  On or about March 21, 2020 Defendant Kisner decided to hold a "remote convention" at an unspecified date in the future.

6

Democratic Party; Delegate to the South Carolina Democratic Party 2020 Convention;

15. Upon information and belief no meetings of the Executive Committee of the Richland County Democratic Party (of which Plaintiff is a duly elected member) were held prior to the decision to hold a "remote convention" and Plaintiff was not notified if such a meeting or meetings were held.

16. On or about March 21, 2020, Defendant Kisner issued a public statement indicating that because nominations for office are allowed from the convention floor those seeking election may "self-nominate" by emailing a 75-100 word bio indicating their past involvement in Defendant RCDP to the nominating committee by COB Tuesday, March 31, 2020.

## CAUSES OF ACTION
### Count One

**The Richland County Democratic Party convention cannot be held after March 31, 2020.
(South Carolina Code of Laws Section 7-9-70)**

**A. SC Code Section 7-9-70 requires that a county convention *must* be held during a twelve-month period ending March thirty-first of each general election year during a month determined by the state committee as provided in Section 7-9-100.**

The language of SC Code Section 7-9-70 is clear and unambiguous. The language is also *mandatory.* This section sets the outside date for County Conventions. That date was March 31, 2020. Plaintiff contends that counties that have not held their conventions by March 31 may not hold conventions of any kind. Further, 7-9-100 provides that "[a]ny county *failing* or refusing to organize under the provisions of this title may not have representation in the state convention." Defendant RCDP under the leadership of Defendant Kisner has failed to adhere to the mandatory provisions of 7-9-100.

7

**B. County Committee determines the date, time and *location* of its convention. A county convention must be held during a twelve-month period ending March thirty-first of each general election year during a month determined by the state committee as provided in Section 7-9-100.**

17. Section 7-9-70 also provides that the *County Committee* i.e., the *County Executive Committee*, shall set the date, time and location of the county convention -not the county chair. This cannot be accomplished without a meeting of the Executive Committee and a meeting requires statutory notice. The statute also requires that at the meeting a *location* for the convention shall be set.

When determining the effect of words utilized in a statute, a court looks to the "plain meaning" of the words. *City of Rock Hill v. Harris.* 391 S.C. 149, 154, 705 S.E.2d 53, 55 (2011). The *Cambridge Dictionary* defines location as a *place*. It follows that the statute by its plain meaning cannot and does not provide for tele conventions or remote conventions.

Plaintiff acknowledges that concerns about the Coronavirus and the spread of this deadly disease are important and must be considered. But the statute does not provide the option Defendants seek to utilize. The statute cannot be ignored. The statute cannot be overruled by the South Carolina Democratic Party and certainly not by the Chair of the Richland County Democratic Party.

Plaintiff also notes that at the time of this writing The Democratic National Committee has not cancelled its convention or gone to a teleconvention but has simply rescheduled the national convention to August 17, 2020. It also appears that Defendant RCDP is the only county to schedule a remote convention.

8

It should be further noted that although Defendant SCDP has erroneously suggested that counties may hold remote conventions it has not postponed or scheduled a remote convention for the State Party.

Finally, it is Plaintiff's contention that the statute may only be changed by the legislature.

### C. Elections required to be held at county conventions cannot be held via remote convention or mail-in ballot.

Section 7-9-80 provides in pertinent part :

> "Each county convention shall be called to order by the county
> chairman and shall proceed to elect a temporary president, a
> temporary secretary and a committee on credentials for the
> purpose of organizing."

18. It seems too obvious to state that these requirements cannot be carried out remotely. First, County Conventions usually have hundreds of participants. Will they all be able to vote? And if so how can the vote be verified? How will we know that the person on the line, if done telephonically, is actually the person permitted to vote? *Party rules prohibit proxy voting.* Moreover, at a regular in-person convention members are permitted to be nominated from the floor. There is no requirement other than that they show up and, of course, be eligible to vote. This is true for the election of county officers as well as delegates to the state convention.

Requiring persons who wish to "self-nominate" to send in a 75-100 word bio indicating their past involvement with the Defendant RCDP is to unlawfully add to the eligibility requirements to run for party office, i.e., candidates need only be registered voters who

9

reside in Richland County.  Nominations from the floor are also permitted by persons who wish to nominate others from the floor. Must they also submit  a 75-100 word bio?

Finally, at county conventions a significant amount of time is spent on resolutions.  Resolutions determine what issues will be sent to the State and National conventions.  Resolutions represent the true voice of the people. The adoption of resolutions at party conventions is always the result of vigorous debate that often takes hours.  How will resolutions be handled? On a simple up or down vote - without debate? The implications for freedom of speech and association are compelling.

Plaintiff contends these unlawful arrangements will only benefit party loyalists and the effect will be to exclude registered Democrats who for a host of reasons are not dyed in the wool party loyalists.   The people excluded will almost assuredly be those persons who the Affirmative Action Plan was implemented to  reach, i.e., African Americans, women, people 36 and younger, LGBTQ and Hispanic, Asian Americans and Pacific Islanders, Native Americans and people with disabilities.

These difficulties aside, Plaintiff contends that these are not authorized by the governing election law and are therefore unlawful. That other remedies may be available to the South Carolina State Legislature (amend the rule) or the Governor of South Carolina under emergency powers[5] granted him to change election dates does not change the fact that political parties are not authorized to take actions contrary to the law.

---

[5] S.C. Code Ann. § 7-13-1170: In an emergency, the governor may declare a new time and date for an election.

## CAUSES OF ACTION
### Count Two
### Violation of Section 2 Voting Rights Act
### Voting Rights Act, 42 U.S.C. 1973
### The Fannie Lou Hammer, Rosa Parks and Coretta Scott King
### Voting Rights Reauthorization Act of 2006 (P.L.109-246)
### Fourteenth Amendment U.S. Const. Amend. 14;
### Fifteenth Amendment U.S. Const. Amend. 15.

19. It is now settled law that the right to vote is a fundamental right. Plaintiff contends that the right to vote is multifaceted. The right must protect not just what occurs in the voting booth or the right to be there but must also protect all stages leading up to the actual casting of one's ballot.

20. For generations one of the most effective tools used to deter African Americans and other disfavored minorities from exercising the franchise were restrictions that prevented participation in party activities to prevent them from gaining control of the party leadership apparatus.

21. African Americans represent 66.7% of the Democratic electorate in South Carolina. African American registered voters in South Carolina are more than one million strong. African Americans represent 51% of the Richland County population.

22. The acts and omissions complained of herein are disguised dilutive techniques that adversely affect minority voters and as such violated the provisions of the Fannie Lou Hammer, Rosa Parks and Coretta Scott King Voting Rights Reauthorization Act of 2006 (P.L.109-246) and must be enjoined accordingly.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor of the Plaintiff and against the named Defendants, and:

A. Declare, that Defendants KISNER and RCDP scheduled "teleconvention" and mail-in ballots for party elective office and delegate election violates SCCode 7-9-70;

B. Declare, that Defendants ROBERTSON and SCDP by granting authorization for County Parties to hold "teleconventions" and mail-in ballots for County Party elective offices and delegate election violated SCCode 7-9-70;

C. Declare, Defendants KISNER and RCDP's intentional failure to provide notice of Executive Committee meetings at which party business would be and in fact was conducted as provided by SCCode 7-9-70 and SCDP Rule, RCDP Rule and DNC Affirmative Action Rules for Delegate Selection for the 2020 Convention is unlawful;

D. Declare, the actions of the Defendants KISNER, RCDP, ROBERTSON, and SCDP violated rights of the Plaintiff protected by the Fourteenth and Fifteenth Amendments to the United States Constitution, the Voting Rights Act of 1965, and the South Carolina Constitution;

E. Preliminarily and permanently enjoin Defendants and their agents, officers, employees, and all persons acting in concert with any of them from scheduling or holding County or State Democratic Party "teleconventions" or mail-in ballots for delegates to County, State or National Democratic Party conventions;

12

F. Order Defendants to immediately reschedule County and State Democratic Party conventions to reflect the change of date of the Democratic National Convention to August 17, 2020.

G. Alternatively, Plaintiff requests that Defendant RCDP be enjoined from holding elections for party offices or holding any convention until this matter is heard and decided.

H. Grant such other and further relief as to this Court may seem just and proper.

Dated:  4th day of April, 2020
       Columbia, South Carolina

Respectfully submitted,

/s/ Johnnie Cordero
4204 Mandel Drive
Columbia, SC 29210
Tel.: (803)753-8091
Email.: cordero1018@att.net

*Plaintiff, pro se*

13