IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Johnnie Cordero, ) | C/A No. 3:20-2195-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND** |
| Matthew Kisner, *in his official capacity as* ) | **REPORT AND RECOMMENDATION** |
| *Chair of the Richland County Democratic* ) | |
| *Party*; The Richland County Democratic ) | |
| Party; Trav Robertson, Jr., *in his official* ) | |
| *capacity as Chair of the South Carolina* ) | |
| *Democratic Party*; The South Carolina ) | |
| Democratic Party, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Johnnie Cordero, a self-represented litigant, filed this civil rights action in the Richland County Court of Common Pleas asserting claims pursuant to 42 U.S.C. § 1983; the Voting Rights Act of 1965, 52 U.S.C. §§ 10101, et seq.; and South Carolina Code §§ 7-9-70 to -100. The defendants removed the action to this court on June 9, 2020. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss. (ECF No. 9.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cordero of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 10.) Cordero filed a response in opposition to the motion (ECF No. 20), and the defendants filed a reply (ECF No. 24). Having reviewed the record presented and the applicable law, the court finds that the defendants' motion should be granted as to Cordero's federal claims and the case should be remanded to the Richland County Court of Common Pleas.

## BACKGROUND

The following allegations are taken as true for purposes of resolving the defendants' motion to dismiss. Plaintiff Johnnie Cordero is a member of the South Carolina Democratic Party ("SCDP") and the Richland County Democratic Party ("RCDP") and holds various leadership positions within those organizations. (Am. Compl., ECF No. 1-3 at 5-6.) In February 2020, Defendant Matt Kisner, chairperson of the RCDP, appointed a nominating committee to recruit candidates for various positions in the RCDP, including the party chairmanship. (Id. at 7-8.) Cordero had intentions of running for the chairmanship of the RCDP but was not notified about the formation of the nominating committee or the date and times at which the nominating committee met. (Id.)

On March 21, 2020, the SCDP notified county parties that they could either hold their county party conventions virtually or by mail. (Id. at 7.) RCDP officials decided to hold a virtual convention, but Cordero was excluded from that decision-making process. (Id. at 8.) On April 16, 2020, Cordero filed this action in the Richland County Court of Common Pleas seeking to have the virtual and mail-in conventions declared illegal under state law and the Voting Rights Act and to enjoin the defendants from holding the conventions. The RCDP convention was held on April 18, 2020. (Id.)

In April 2020, the SCDP Executive Committee met to discuss Cordero's lawsuit. (Id.) The SCDP Executive Committee did not provide Cordero notice of the meeting despite Cordero's membership on the Executive Committee, in violation of SCDP and Democratic National Committee rules. (Id.) In that meeting, the Executive Committee also removed Cordero from his chairmanship of the Affirmative Action Committee and discussed removing Cordero from his chairmanship of the Democratic Black Caucus.

In the Amended Complaint, Cordero asserts that South Carolina Code § 7-9-70 prohibits the RCDP from holding its convention after March 31, 2020, and that South Carolina Code § 7-9-80 prohibits the RCDP from holding its convention virtually or by mail. Cordero also asserts that the defendants' actions violate Section Two of the Voting Rights Act and constitute retaliation against Cordero's First, Fourteenth, and Fifteenth Amendment rights.

## DISCUSSION

**A.     Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551

U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     The Defendants' Motion**

    **1.     Voting Rights Act**

The defendants argue that Cordero fails to state a claim upon which relief can be granted under the Voting Rights Act.  The court agrees.

The Voting Rights Act states, "No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in section 10303(f)(2) of this title."  52 U.S.C. § 10301(a).

In the Amended Complaint, under a section titled "CAUSES OF ACTION – Count Two – Violation of Section 2 Voting Rights Act," Cordero alleges "The acts and omissions complained of herein are disguised dilutive techniques that adversely affect minority voters," which violate the Voting Rights Act.  (Am. Compl., ECF No. 1-3 at 13.)  This vague allegation fails to comply with the federal pleading requirements.  See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).  Cordero's conclusory citation to the "acts and omissions complained of herein" fails to identify the defendants' action that purportedly violated the Voting Rights Act.

None of the factual allegations in the Amended Complaint obviously describes a technique to dilute minority voting power, and Cordero makes no allegation that his right to vote in any election has been curbed by the defendants' actions.  See 52 U.S.C. § 10101(a)(1) ("All citizens of the United States who are otherwise qualified by law to vote at any election by the people in any State, Territory, district, county, city, parish, township, school district, municipality, or other territorial subdivision, shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude; any constitution, law, custom, usage, or regulation of any State or Territory, or by or under its authority, to the contrary notwithstanding.").  Accordingly, Cordero fails to state a claim pursuant to the Voting Rights Act upon which relief can be granted.

### 2. 42 U.S.C. § 1983

The defendants argue that Cordero fails to state a retaliation claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.  Again, the court agrees.

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor."  West, 487 U.S. at 49 (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 n.18 (1982)); see also Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d

337, 341 (4th Cir. 2000) (discussing the different tests used to identify when private parties can be considered state actors in civil rights suits).

Here, Cordero fails to plausibly allege that the defendants are state actors amenable to suit pursuant to 42 U.S.C. § 1983. Cordero argues the defendants retaliated against him for filing this lawsuit by removing him as the chairperson of the Affirmative Action Committee. Courts have found that while political parties are state actors when they take roles in the election process, the internal decisions of political parties regarding leadership positions are not actions that are fairly attributable to the state. See New York State Bd. of Elections v. Lopez Torres, 552 U.S. 196, 203 (2008) ("A political party has a First Amendment right to limit its membership as it wishes, and to choose a candidate-selection process that will in its view produce the nominee who best represents its political platform."); Jacobson v. Kings Cty. Democratic Cty. Comm., 788 F. App'x 770, 772 (2d Cir. 2019) (stating that a political party acts as a private organization and is protected from constitutional scrutiny when it conducts "internal party affairs which have no direct relation to the electoral process"); Max v. Republican Comm. of Lancaster Cty., 587 F.3d 198, 202 (3d Cir. 2009) (rejecting the plaintiff's claim that the county political party retaliated against her because the party was not a state actor amenable to suit pursuant to § 1983). Accordingly, Cordero fails to state a claim pursuant to § 1983 upon which relief can be granted.

### 3.     State Law Claims

The defendants argue Plaintiff fails to state a claim for violations of South Carolina's statutes governing political party conventions. However, the court finds that because Cordero's federal claims are subject to dismissal, the court should exercise its discretion to remand Cordero's state claims to the Richland County Court of Common Pleas. See 28 U.S.C. § 1367(c) (authorizing a district court to decline to exercise jurisdiction over a supplemental claim); Carnegie-Mellon

Univ. v. Cohill, 484 U.S. 343, 349-50 (1988) (discussing the factors in deciding whether to exercise supplemental jurisdiction after removal). Here, Cordero raises numerous state law claims that, in the interest of comity, are more appropriate for consideration in South Carolina's courts because they include complex issues of state law. See 28 U.S.C. § 1367(c) (listing bases for declining supplemental jurisdiction, including the presence of novel or complex issues of state law and the dismissal of federal claims); Hinson v. Nw. Fin. S.C, Inc., 239 F.3d 611, 617 (4th Cir. 2001) (finding the district court did not abuse its discretion to remand the case to state court where the federal claims were no longer at issue, the state claims predominated, and the state claims involved interpretations of complex state statutes on which there was no state precedent).

## RECOMMENDATION

Based on the foregoing, the court recommends the defendants' motion to dismiss be granted at to Cordero's federal claims. The court also recommends that the court exercise its discretion to remand Cordero's state law claims to the Richland County Court of Common Pleas.[1]

*(signature)*

September 1, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[1] In light of the court's recommendation, Cordero's motion for compulsory joinder (ECF No. 22), motion to strike (ECF No. 27), and motion for issuance of subpoena (ECF No. 31) are denied as moot.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).