IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Johnnie Cordero, | C/A No. 3:20-2195-JFA-PJG |
| Plaintiff, | |
| v. | |
| Matthew Kisner, *in his official capacity as Chair of the Richland County Democratic Party*; The Richland County Democratic Party; Trav Robertson, Jr., *in his official capacity as Chair of the South Carolina Democratic Party*; The South Carolina Democratic Party, | **ORDER** |
| Defendants. | |

Plaintiff Johnnie Cordero, a self-represented litigant, filed this civil rights action in the Richland County Court of Common Pleas asserting claims pursuant to 42 U.S.C. § 1983; the Voting Rights Act of 1965, 52 U.S.C. §§ 10101, *et seq*.; and South Carolina Code §§ 7-9-70 to -100. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings immediately upon removal. In lieu of Answering the Complaint, Defendants collectively filed a motion to dismiss for failure to state a claim. (ECF No. 9).

After reviewing this motion and subsequent filings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 34).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this

Within the Report, the Magistrate Judge opines that Defendants' motion to dismiss should be granted as to Plaintiff's federal law claims and all other claims remanded back to state court. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Both parties submitted objections. (ECF Nos. 37 & 38). Therefore, this matter is ripe for review.

## I.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM*

---

Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

*Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at \*5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at \*1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at \*1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion to dismiss is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

## II.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Important here, neither the Plaintiff nor Defendants contest the Magistrate Judge's recommendation that Plaintiff's two federal law claims be

3

dismissed. (ECF No. 37)("Defendants do not object to the Magistrate Judge's well-reasoned recommendation of dismissal of Plaintiff's federal law claims, which resolves two of Plaintiff's three causes of action."); (ECF No. 38)("Although Plaintiff does not object to other parts of the Report and Recommendations he does wish to preserve for appellate review the important issues raised in [the motion for random case reassignment]"). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the portion of the Report recommending dismissal of Plaintiff's two federal law claims is adopted without objection. A review of the Report a indicates that the Magistrate Judge correctly concluded that the Plaintiff's pleadings fail to state a claim as to the two federal claims and should be dismissed.

Plaintiff's objections reference only the Magistrate Judge's failure to consider his previously filed motion for random case assignment (ECF No. 18) and addendum thereto (ECF No. 29). Because this motion was adjudicated by the undersigned in a separate order, Plaintiff's objections are now moot.

Defendants' objections center on the Magistrate Judge's recommendation that this court decline to exercise supplemental jurisdiction over the remaining state law claims. Rather, the Defendants advocate for the immediate dismissal of these state law claims based on the arguments in their initial motion to dismiss. However, upon review of this matter, the court agrees that the remaining state law claims should be remanded.

This court does not have original jurisdiction over the remaining state law claims once separated from the federal claims. The district court may decline to exercise supplemental jurisdiction over claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been dismissed. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Id.* (citing *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7 (1988)).

Here, litigation is still in its earliest stages. Although all parties prepared arguments pertaining to the dismissal of the state law claims, little else has been done to advance this case towards trial. Indeed, all Defendants have yet to prepare an Answer to the Complaint. Accordingly, it does not appear that any party has expended time or resources engaging in any discovery. Therefore, the consideration of judicial economy weighs in favor of this Court declining to exercise jurisdiction over the state claims.

Also, remanding the remaining state claims to state court would prove to be convenient and fair to all parties. Again, neither party has expended a severe amount of time in relation to this case that would prove to be unfair if dismissed at this early stage. Likewise, no party would be inconvenienced by advancing their respective positions in front of a state judge in a state court. Similarly, notions of comity weigh in favor of declining jurisdiction so that a state judge with a greater familiarity of the remaining state

law claims can preside over this matter. Taken as a whole, these factors indicate that the remaining state law claims should be remanded to a state court and presided over by a state official.

Accordingly, Defendants' objections are overruled as the Report correctly concluded that the remaining state law claims are subject to remand.

## III.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 34) in all regards. Thus, Defendants' motion to dismiss (ECF No. 9) is granted in part as to Plaintiff's two federal law claims. Plaintiff's remaining state law claims are remanded to the Richland County Court of Common Pleas.

IT IS SO ORDERED.

September 25, 2020                     Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge